**UNITED STATES of America**

v.

**Franklin D. SMITH, Appellant.**

**No. 06–2614.**

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal due to a Jurisdictional Defect or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Nov. 2, 2006.

Filed: Dec. 7, 2006.

Eric Pfisterer, Office of United States Attorney, Harrisburg, PA, for United States of America.

Franklin D. Smith, Phillipsburg, PA, pro se.

Before: RENDELL, SMITH and COWEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Franklin Smith appeals the District Court's order dismissing his motion to dismiss the charges against him. In January 2004, Smith was sentenced to sixty months in prison after he pled guilty to possession

of a firearm in furtherance of drug trafficking. He voluntarily withdrew his appeal, and his recent motion to reopen the appeal was denied on October 26, 2006. In April 2005, Smith filed a § 2241 petition in the District Court for the Middle District of Pennsylvania seeking to bring a claim based on the Vienna Convention. On January 6, 2006, this Court affirmed the District Court's dismissal of the § 2241 petition because the claims were cognizable only in a § 2255 motion. *See* C.A. No. 05–2982. On January 20th, Smith filed a motion in his criminal case to dismiss the charges based on the Vienna Convention. The District Court dismissed the motion without prejudice to Smith bringing the claim in a § 2255 motion. Smith filed a timely notice of appeal.

Where a District Court has dismissed a complaint without prejudice, the dismissal is generally not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or where the litigant declares an intention to stand on the complaint, whereupon the District Court's order becomes final. *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam). Because Smith has chosen to stand on his pleading as filed, we have jurisdiction over the appeal.

As we noted in Smith's prior appeal, he must file a motion pursuant to 28 U.S.C. § 2255 in order to raise these claims. Thus, the District Court did not err in dismissing his motion to dismiss the charges. Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6.